IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DeWAYNE BIGGERS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-159-O |
| § | |
| BILL WAYBOURN, Sheriff, § | |
| Tarrant County, Texas, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner DeWayne Biggers, a prisoner in the Tarrant County jail, against the person responsible for his custody, Sheriff Bill Waybourn, Respondent. After having considered the pleadings and relief sought by Biggers, the Court concludes that the petition should be **DISMISSED** for the reasons set out below.

**I.    BACKGROUND**

On February 14, 2023, Petitioner DeWayne Biggers filed a petition for writ of habeas corpus to initiate this case. Pet.1, ECF No. 1. In response to an Order from this Court, Biggers completed and filed a form petition under 28 U.S.C. § 2254 with attachments as an amended § 2254 petition on March 10, 2023. Am. Pet., ECF No. 5. In accordance with this Court Order, the Respondent filed a response. ECF No. 8.  Biggers did not file a reply.

Biggers asserts that he was arrested on May 31, 2022. Am. Pet. 7, ECF No. 5. He admits that he waived his right to a parole revocation hearing and his parole was subsequently revoked on June 14, 2022. Am. Pet.7, 19, ECF No. 5. Biggers is confined in the Tarrant County Jail for

1

this parole violation as well as for the offenses of aggravated robbery and failure to identify. *See* https://inmatesearch.tarrantcounty.com/Home/Details?CID=0485156 (last visited August 21, 2023). In the amended § 2254 petition, Biggers requests that his "Motion [to] Reopen Hearing be granted." Am. Pet. 8, ECF No. 5.

## II.     GROUNDS FOR RELIEF

Biggers raises the following grounds for relief:

1. His parole was revoked without him being afforded a preliminary hearing; and.

2. His request to reopen the revocation hearing was improperly denied because he waived his right to a revocation hearing.

Am. Pet.7, ECF No. 5.

## III.    ANALYSIS

### A.     Failure to Exhaust State Remedies

It is well settled that post-conviction habeas corpus petitions proceeding under 28 U.S.C. § 2254 must have state remedies exhausted prior to their presentment in federal court; this requirement is statutory. *See* 28 U.S.C. § 2254(b)–(c); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Woodfox v. Cain*, 609 F.3d 774, 790 (5th Cir. 2010). A petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In Texas, a prisoner does not satisfy the exhaustion requirement unless he has raised his claims with the Texas Court of Criminal Appeals (TCCA) through a timely petition for discretionary review after direct appeal, or through an application for writ of habeas corpus. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th

Cir. 1990); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

Here, Biggers does not allege, or present any evidence, that he has challenged the Texas Board of Pardons and Parole's decisions in the TCCA through an article 11.07 post-conviction application for writ of habeas, or other means. Am. Pet., ECF No. 5; *see also* TCCA Case Search, Search, https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c. Therefore, since the TCCA has not had the proper opportunity to review and rule upon the merits of Biggers's parole claims, he has not exhausted his state-court remedies, and the petition is subject to dismissal without prejudice.

**B.      Alternative Dismissal of Grounds for Relief**

1.      Failure to Afford Biggers a Preliminary Hearing

Article III, § 2 of the Constitution narrowly proscribes the jurisdiction of the federal courts to only the adjudication of actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "Importantly, having Article III standing at the *outset* of litigation is not enough." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (emphasis in original). "There must be a case or controversy through all stages of a case – not just when a suit comes *into* existence but *throughout* its existence." *Id*. (emphasis in original) (internal quotation and citation omitted). A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted).

An action is rendered moot "when the court cannot grant relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th

Cir. 1987)). Relatedly, a case becomes moot when an "intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

Here, Biggers complains that he was denied his right to a preliminary hearing. Am. Pet.7, ECF No. 5. But Biggers's parole was revoked two weeks after he was arrested on the parole violation. Am. Pet.7, 19, ECF No. 5. Biggers admits that he was afforded a final revocation hearing and that he chose to waive it. Am. Pet.7, ECF No. 5. Moreover, Biggers does not complain about the actual revocation procedure, only that his parole should not have been revoked without both a preliminary and revocation hearing. Am. Pet., 7-8, 12-17, ECF No. 5. As such, whether Petitioner was afforded a preliminary hearing is irrelevant to his current confinement. *See Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979). Biggers's first ground must be dismissed as moot.

    2.  <u>Failure to Reopen the Revocation Hearing</u>.

Biggers's second claim is that was denied his right to reopen the revocation hearing. Am. Pet.7, ECF No. 5. Texas law provides that "[t]he releasee . . . shall have 60 days from the date of the parole panel's revocation decision to submit a written request for reopening a case for any substantial error in the revocation process or upon newly discovered evidence." 37 Tex. Admin. Code § 146.11(a).

Violations of state constitutional, statutory, or procedural laws are not cognizable on federal habeas review unless a federal issue is also present. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). That is, because the federal court does "not sit as a super state supreme court to

review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (citation omitted). Courts in this district have recognized that section 146.11 of the Texas Administrative Code does not give a parolee a right under federal law. *See Cook v. Thaler*, No. 4:10-cv-923-A, 2011 WL 2518735, at *4 (N.D. Tex. June 23, 2011); *Wallace v. Texas Bd. Of Pardons and Paroles*, No. 4:00-cv-342-A, 2001 WL 360999, at *6 (N.D. Tex. Feb. 4, 2001) (improper denial of motion to reopen parole hearing is not cognizable in federal habeas proceedings). Because Biggers alleges only that he was denied the right to reopen his hearing, he has not identified a federal right as a basis for relief under § 2254. Thus, his second ground must be dismissed as not cognizable in this proceeding.

### IV. CONCLUSION

For the reasons discussed, petitioner De Wayne Biggers's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of exhaustion, and in the alternative; **DISMISSED** with prejudice. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **21st** day of **August, 2023.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE